**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL NO. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE |
| RONALD FISHER<br><br>    Plaintiff, | **DIRECT-FILED SHORT FORM COMPLAINT**<br>**PURSUANT TO CASE MANAGEMENT ORDER NO. 3** |
| vs.<br><br>SMITH & NEPHEW, INC.<br><br>    Defendant. | Civil Action No. |

**SHORT FORM COMPLAINT**

1.     Plaintiff, <u>Brian Fisher,</u> states and brings this civil action in MDL No. 2775, entitled

*In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation.*  Plaintiff is filing this Short Form Complaint pursuant to CMO No. 3, entered by this Court.

**PARTIES, JURISDICTION AND VENUE**

2.     Plaintiff is a resident and citizen of <u>North Carolina</u> and claims damages as set forth below.

3.     Federal jurisdiction is proper based on diversity of citizenship.

4.     The Federal District in which Plaintiff's initial implant took place: <u>Western District of North Carolina.</u>

5.     The Federal District in which Plaintiff's revision(s) surgeries took place:

Western District of North Carolina.

6.      Plaintiff brings this action *[check the applicable designation]*:

**X** On behalf of himself;

~~In a representative capacity as the ___ of the ___ having been duly appointed as the ___ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~ *[Cross out if not applicable.]*

## **FACTUAL ALLEGATIONS**

7.      On or about March 23, 2012, Plaintiff underwent surgery during which the Smith & Nephew BHR Resurfacing System was implanted into Plaintiff's **RIGHT** hip.

8.      Plaintiff's **RIGHT** BHR implant surgery was performed at Mission Hospital in Asheville, North Carolina by Dr. Ted Marcus Barnett.

9.      Plaintiff underwent medically-indicated revision of the **RIGHT** BHR hip implant on or about May 22, 2013.

10.     Plaintiff's revision surgery was performed by Dr. Brian Seng at Pardee Hospital in Hednersonville, North Carolina

11.     Plaintiff suffered the following complications, injuries, and/or indications, some or all of which made revision surgery medically necessary: persistent pain, elevated levels of cobalt, chrome and cerium, metallosis, dark pigment changes of the bursa and fluid collection.

12.     [IF BILATERAL]: Plaintiff's (LEFT/RIGHT) BHR implant surgery was performed at _____ by _____.

2

13.     [IF BILATERAL]: On or about _____ , Plaintiff underwent surgery during which the Smith & Nephew BHR Resurfacing System was implanted into Plaintiff's (LEFT/RIGHT) hip.

14.     [IF BILATERAL]: Plaintiff underwent medically-indicated revision of the (LEFT/RIGHT) BHR hip implant on or about _____.   [OR: Plaintiff's medical provider(s) have recommended revision but Plaintiff has not been medically cleared to undergo revision surgery:_____(checkbox)]

15.     [IF     BILATERAL]   Plaintiff's   revision   surgery   was   performed by _____ at _____.

16.     Plaintiff adopts the allegations of the Master Amended Consolidated Complaint ("MACC") filed August 11, 2017, and any and all amendments to the MACC.

17.     Notwithstanding the foregoing, Plaintiff does not adopt the following paragraphs of

the MACC: ___.

18.     Notwithstanding     the     foregoing,    Plaintiff    additionally    alleges that:

_____

_____

_____

## ALLEGATIONS AS TO INJURIES

19.   (a) Plaintiff claims damages as a result of (check all that are applicable):

   ✓  INJURY TO HIMSELF

      ~~INJURY TO THE PERSON REPRESENTED~~

      ~~WRONGFUL DEATH~~

~~SURVIVORSHIP ACTION~~

~~ECONOMIC LOSS~~

~~(b)  Plaintiff's spouse claims damages as a result of (check all that are applicable):~~

*~~[Cross out if not applicable.]~~*

~~LOSS OF SERVICES~~

~~LOSS OF CONSORTIUM~~

20.     Defendant, by its actions or inactions, proximately caused the injuries to Plaintiff.

## DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

21.     The following claims and allegations are asserted by Plaintiffs and are herein adopted by reference under the laws of the following state (check all that are applicable):

- ✓ COUNT I  (strict products liability: North Carolina)
- ✓ COUNT II  (negligence: North Carolina)
- ✓ COUNT III  (strict products liability failure to warn:  North Carolina)
- ✓ COUNT IV  (negligent failure to warn:  North Carolina)
- ✓ COUNT V  (negligent misrepresentation:  North Carolina)
- ✓ COUNT VI  (negligence per se:  North Carolina)
- ✓ COUNT VII  (breach of express warranties:  North Carolina)
- ✓ COUNT VIII  (manufacturing defect: North Carolina)
- ✓ COUNT IX  (punitive damages:  North Carolina

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law: Unfair and Deceptive Trade Practices pursuant to N.C. Gen. Stat § 75-1.1, et seq.

4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.  For compensatory damages;

2.  Pre-judgment and post-judgment interest;

3.  Statutory damages and relief of the state whose laws will govern this action;

4.  Costs and expenses of this litigation;

5.  Reasonable attorneys' fees and costs as provided by law;

6.  Equitable relief in the nature of disgorgement; and

7.  All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand(s) a trial by jury as to all claims in Complaint so triable.

Dated:  September 7, 2018                    Respectfully submitted,


/s/ Thomas V. Ayala
Thomas V. Ayala
GRANT & EISENHOFER, P.A.
123 Justison Street, Suite 700
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100
tayala@gelaw.com
PA Bar No. 93130
Attorney for Plaintiffs